

November 17, 2022

**VIA E-MAIL AND ECF**

The Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    *AIMCO CLO 10 Ltd et al. v. Revlon, Inc. et al.* (Bankr. S.D.N.Y. 1:22-ap-1167)

Dear Judge Jones,

    We represent the Ad Hoc Group of 2016 Term Loan Lenders ("Plaintiffs") in the above-captioned adversary proceeding. We write, pursuant to the Court's Chambers' Rules, to respectfully request an on the record telephonic conference regarding scheduling in this matter. The initial pre-trial conference in this action is currently scheduled for December 21, 2022. After meeting and conferring, the parties have a substantial disagreement about the length of time necessary to prepare this case for trial. Because this dispute implicates all of the interim scheduling deadlines, we believe it is in all parties' interests to address this dispute with the Court now.

    Plaintiffs filed their adversary complaint on October 31, 2022 (ECF 956) within the Challenge Period Deadline established in the DIP Order (*see* ECF 330). The complaint asserts seventeen causes of action against the Debtors, the BrandCo Lenders, and Jefferies (collectively the "Defendants").[1] Plaintiffs seek, among other things, a declaration that the integrated financing transaction that Defendants consummated on and around May 7, 2020—which purported to divest Plaintiffs of their first-priority liens on highly valuable assets that collateralized the 2016 Term Loan Facility—is void *ab initio*. In just the seventeen days since filing their adversary complaint, Plaintiffs expeditiously have moved this case forward. As part of that effort, on November 7, 2022, Plaintiffs sent a proposed schedule to Defendants, which contemplated an expedited one-year timetable for the adversary proceeding. On November 10, in response, the Debtor Defendants proposed a four-and-a-half month timetable.

    A comparison of key dates in the parties' proposed schedules is below.

| Event | Plaintiffs' Schedule | Defendants' Schedule |
|---|---|---|
| Service of Initial Written Discovery | November 14, 2022 | November 14, 2022 |
| Response to Complaint | December 1, 2022 | December 5, 2022 |
| Substantial Completion of Production | March 3, 2023 | [Omitted] |
| Close of Fact Discovery | May 12, 2023 | January 20, 2023 |
| Initial Expert Reports | June 2, 2023 | January 27, 2023 |
| Rebuttal Expert Reports | June 23, 2023 | February 6, 2023 |
| Close of Expert Discovery | July 14, 2023 | February 17, 2023 |

---

[1] The terms "Debtors," "BrandCo Lenders," and "Jefferies" have the meanings ascribed to them in the complaint.

| File Motions for Summary Judgment | August 11, 2023 | [Omitted] |
| Trial | October 31, 2023 | March 6, 2023 |

Plaintiffs have made clear they are not wedded to the precise dates in their proposed schedule and would be prepared to discuss a reasonable compromise. The Debtors, however, have taken the position that a March 6, 2023 trial date is non-negotiable, citing the current April 1, 2023 deadline for obtaining a confirmation order in the DIP Milestones. Plaintiffs respectfully submit that Defendants' position is wholly unreasonable, given the breadth and complexity of this adversary proceeding, the hundreds of millions of dollars at stake, and Plaintiffs' right to have the Court adjudicate their claims on a complete record.

First, Defendants are wrong that their extraordinarily compressed schedule can be justified based on the purported absolute need to resolve this case prior to the current April 1, 2023, DIP milestone for plan confirmation. The Debtors and the BrandCo Lenders—the parties accused of wrongdoing in this action—created the DIP milestones *themselves*. They are not entitled to unilaterally set the terms of how their own wrongdoing is scrutinized and adjudicated, much less on terms that are most favorable to themselves and that prejudice Plaintiffs. Indeed, it is entirely within the Debtors' and the BrandCo Lenders' power and discretion to amend the DIP milestones, just as they did as recently as November 14, 2022, when they amended the DIP RSA Milestone from November 15, 2022 to December 14, 2022. Notably, the DIP financing does not even mature until June 17, 2023, at the earliest, reinforcing that there is no basis for Defendants to invoke arbitrary DIP milestones as a basis for trying to impose an unreasonable schedule that they perceive to provide strategic advantage by truncating the time available for robust discovery into their wrongdoing.

Second, on the merits, fact and expert discovery in this case will take many months and cannot reasonably be completed by the January 20, 2023 (fact discovery deadline) and February 17, 2023 (expert discovery deadline) that Defendants seek to impose. The claims in this adversary proceeding—which concern the rightful allocation of hundreds of millions of dollars in value—arise from three separate multi-party transactions, spanning three different date ranges, and involve dozens of named Defendants, third party participants, and their advisors. To date, Plaintiffs already have requested or subpoenaed documents from over 25 parties and third-party witnesses (and that is before additional witnesses are identified through discovery). Each of them will have substantial document collection and production obligations with respect to the complex transactions at issue. And there will be numerous depositions once the document productions are substantially complete. Expert reports and discovery will likewise be complex.

In setting less than six months for the completion of fact discovery, Plaintiffs' proposed schedule is already aggressive. Defendants' suggestion that all fact discovery must be complete approximately two months from today is wholly unrealistic. To date, Defendants have not produced a single document in response to Plaintiffs' document requests. Even taking into account Rule 2004 discovery in the Chapter 11 proceedings, the Defendant BrandCo Lenders have yet to produce a single document. And their counsel have remarkably indicated that they may not need to produce any documents at all, suggesting that Rule 2004 productions from their outside counsel's files—as opposed to the BrandCo Lenders' own files—should suffice to satisfy the BrandCo Lenders' discovery obligations as defendants. Resolving these and similar discovery

disputes, obtaining full productions, and taking depositions once documents have been provided and reviewed cannot reasonably be completed on Defendants' proposed schedule absent curtailing Plaintiffs' discovery rights in ways that will cause substantial prejudice.

Finally, Defendants cannot justify their extremely expedited schedule based on Plaintiffs' access to the limited discovery that the UCC conducted in examining potential fraudulent transfer claims—claims which Plaintiffs *do not* assert here.  As a matter of principle, that discovery simply does not satisfy Defendants' or the relevant third-party witnesses' obligations in this action.  And as a factual matter, that discovery—document and testimonial—is just a sliver of what is necessary for Plaintiffs to fairly litigate their claims in this case.  For example, as noted, the BrandCo Lenders did not produce a single document in the 2004 discovery.  All Defendants have failed to produce any text messages, Bloomberg Chats, or other non-email digital communications—documents that they have demanded from Plaintiffs and which Plaintiffs are undertaking to produce.  And only a handful of depositions occurred during the 2004 discovery, no party produced more than one deposition witness, and the depositions that did occur were, at best, just the beginning of what would be necessary to explore the issues raised by Plaintiffs' Complaint.  For example, the 30(b)(6) witness for the BrandCo Lenders in the Rule 2004 discovery was a Davis Polk lawyer who was questioned for less than two hours on the record and did not meet with any of the BrandCo Lenders themselves to prepare for the deposition, despite acting as their corporate representative.

\*     \*     \*     \*

Plaintiffs' proposal that the parties try this case in eleven months reasonably balances the parties' desire to litigate these claims expeditiously against the fundamental need for these claims to be considered in the full light of day.  By contrast, Defendants' proposed schedule works backward from an arbitrary milestone that Debtors and the BrandCo Lenders created (and can move) themselves and which is not a reasonable basis to set the parameters for litigating a complex case that will judge whether the Debtors and the BrandCo Lenders are responsible for wrongdoing implicating hundreds of millions of dollars of claims.

We look forward to discussing these issues, and the potential for a reasonable compromise schedule, with the Court.  I note that I am beginning a three-week trial before Judge Koeltl on November 28, 2022, and would be grateful if it is possible to schedule a conference to discuss these issues that accommodates my trial schedule.  I will do everything I can to make myself available for a conference in advance of the Thanksgiving holiday, if that is an option.

Respectfully submitted,

/s/ Matthew L. Schwartz

cc:  All counsel of record